# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CHRISTOPHER MATTHEW MILES,

    Plaintiff,

v.                                       Case No. 4:24-cv-28-MW/MJF

DENNY'S CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Upon review of Plaintiff Christopher M. Miles's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Miles's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

    On January 23, 2024, Miles, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil action against Denny's Corporation. Doc. 1 at 2. Miles alleges that after a visit to Denny's in Tallahassee, Florida on an unspecified date, Denny's "stole" a recipe from Miles. *Id.* at 5, 7. Miles requests compensatory and punitive damages.

## II. DISCUSSION

### A. Screening of Miles's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (per curiam) ("A

plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915.").

**B.  Miles's Disclosures**

Section VIII of the complaint form seeks information regarding a prisoner-plaintiff's prior litigation. Doc. 1 at 8–12. The form states, "***Be advised that failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" *Id.* at 8.

Question C under Section VIII asks, "Have you filed any other lawsuit . . . in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 10. Miles answered, "Yes." *Id.* At the end of his complaint, Miles signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13.

**C.  Miles's Omission**

The undersigned takes judicial notice that, when Miles filed his complaint, he failed to disclose at least one case that he filed in federal court relating to his conditions of his confinement:

> *Miles v. Leon County Sherriff's Dep't.* ("*Miles II*"), No. 4:24-cv-21-AW-MAF (N.D. Fla. filed Jan. 18, 2024).

This case clearly related to the conditions of Miles's confinement. *See* Complaint at 5–6, *Miles II*, No. 4:24-cv-21-AW-MAF (alleging that nurses at the jail failed to take an x-ray image of Miles's shoulder). This case is attributable to Miles insofar as it bears Miles's name and inmate number. *Compare* Doc. 1 at 1, *with* Complaint at 1, *Miles II*, No. 4:24-cv-21-AW-MAF. Because Miles failed to disclose this case in his complaint in the Northern District of Florida, Miles violated his duty of candor to the District Court.

D.  **The Materiality of Miles's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, slip op. at 2 (N.D. Fla. Oct. 30, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re*

*Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information

helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Miles falsely responded to Question C under Section VIII of the complaint form. He knew from reading Section VIII that he was required to disclose all prior cases filed in federal court that related to the conditions of his confinement. Doc. 1 at 8. Section VIII expressly warns prisoners: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* There is no excuse for Miles's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the complaint form were not complicated and the plaintiff's *pro se* status was not an excuse for failing to honestly answer

the straightforward questions). Accordingly, a penalty is warranted both to deter Miles from such conduct and to deter others from similar misrepresentations and material omissions.

E.     **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Miles's false responses to go unpunished. An appropriate sanction for Miles's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[1] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (per curiam) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history").

---

[1] Courts should consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (per curiam). In this case, however, it is unclear what claim Miles is attempting to assert in this civil action, and Miles does not allege the date on which the alleged theft of his recipe occurred.

No lesser sanction would suffice to deter this type of conduct. For example, providing Miles an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Miles already is detained pending trial, a mere admonition or a finding of contempt would not deter Miles or other inmates or pretrial detainees from making false representations to the court. Dismissal without prejudice would serve as a warning to Miles and others that future misrepresentations to courts might result in more substantial sanctions.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 9th day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**